IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY JOE DAVIS                                                                                         PLAINTIFF

vs.                                              Civil No. 4:08-cv-04043

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Bobby Joe Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on May 25, 2005. (Tr. 208). Plaintiff alleged he was disabled due to rheumatoid arthritis, obesity, gout, and high blood pressure. (Tr. 109). Plaintiff alleged an onset date of August 2, 2004. (Tr. 208). These applications were initially denied

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

and were denied again on reconsideration. (Tr. 41-47). On December 21, 2005, Plaintiff requested an administrative hearing on his applications. (Tr. 32-33). The hearing was held on December 12, 2006, in Texarkana, Arkansas. (Tr. 237-258). Plaintiff was present and represented by counsel Denver Thornton, at this hearing. *See id.* Plaintiff testified at this hearing. *See id.* Vocational Expert ("VE") Nancy Hughes was present but did not testify at this hearing. *See Id.* On the date of the hearing, Plaintiff was forty-three (43) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 24).

On October 22, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 14-25). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date, August 2, 2004. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the severe impairments of obesity, adult onset diabetes mellitus, and probable rheumatoid arthritis. (Tr. 16, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-23, Finding 5). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.929 and 20 C.F.R. § 404.1529(c). (Tr. 19).

After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's daily activities were not indicative of someone who is completely disabled; (2) Plaintiff's

medical treatment has been from sporadic to non-existent for his impairments; (3) No evidence Plaintiff used any strong medicine for pain; (4) No evidence of any side effects from Plaintiff's medication; (5) No treating physician placed the same level of limitation upon Plaintiff as claimed. (Tr. 19-23). The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 19, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC to perform the full range of sedentary work.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ found, based on Plaintiff's age, education, and previous work experience and his RFC, Plaintiff was able to perform work existing in significant numbers in the national economy. (Tr. 24, Finding 10). Based on the Medica-Vocational Guidelines, the ALJ found Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 24, Finding 11).

On October 29, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.984(b)(2). On March 28, 2008, the Appeals Council declined to review this determination. (Tr. 7). On May 29, 2008, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 6,7). The parties consented to the jurisdiction of this Court on June 3, 2008. (Doc. No. 4).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ improperly relied upon the Medical-Vocation Guidelines ("Grids"); (B) the ALJ erred in his RFC determination; (C) the ALJ erred in his evaluation of Plaintiff's subjective complaints; and (D) the ALJ erred in his obesity evaluation.  In response, Defendant argues: (A) the ALJ properly relied upon the Medical-Vocation Guidelines ("Grids"); (B) substantial evidence supports the ALJ's RFC determination; (C) the ALJ properly considered Plaintiff's subjective complaints and (D) the ALJ properly evaluated Plaintiff's impairment of obesity.

Plaintiff's second point is that he does not have the RFC for the full range of sedentary work and that there is no substantial evidence to support such a finding by the ALJ.  Plaintiff argues the ALJ erred by failing to include Plaintiff's non-exertional limitations in his RFC determination.  Defendant argues the ALJ's determination that Plaintiff has the RFC for the full range of sedentary work is supported by substantial evidence.

The ALJ used the Medical-Vocational Grids to reach a conclusion of "not disabled."  (Tr. 24, Finding 10).  If the ALJ properly determines that a claimant's RFC is not significantly

5

diminished by a non-exertional limitation, then the ALJ may rely exclusively upon the Grids, and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a non-exertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003).

A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

The ALJ found Plaintiff had severe impairments which included obesity and rheumatoid arthritis. (Tr. 16). Plaintiff was treated at the Lewisville Family Clinic with his complaints of rheumatoid arthritis. (Tr. 133-177). Throughout that time, Plaintiff had several complaints of pain related to this condition: June 23, 2003, right shoulder and elbow pain. (Tr. 161); September 22, 2003, right elbow and left ankle pain. (Tr. 155); November 4, 2003, right shoulder and right elbow pain. (Tr. 152); January 16, 2004, joint pain. (Tr. 149); June 22, 2004, left wrist pain and swelling. (Tr. 137). At this visit on June 22, 2004, Plaintiff weighed 303 lbs.

On March 1, 2007, Plaintiff was examined by Dr. D. Zahniser. (Tr. 205-206). Following this exam, Dr. Zahniser prepared a Medical Assessment of Ability to Perform Work Related Activities. (Tr. 206). According to this assessment, in the area of "Capacity to Use Hands/Feet/Arms", Plaintiff had occasional limitations with simple grasp, fine manipulation,

handling objects, feeling objects, and reaching. Plaintiff had frequent limitations with his hands and feet with the ability to push, pull, and handle objects. (Tr. 206). Plaintiffs also had occasional limitations with climbing, balance, and kneeling, and frequent limitations in the areas of stooping and crouching. (Tr. 206).

After reviewing the record, this Court finds that the ALJ's RFC determination is not supported by substantial evidence because the existence of nonexertional limitations should be included in any decision regarding the Plaintiff's RFC. When the ability to perform a full range of work for a particular exertional level is compromised by the existence of nonexertional limitations, the ALJ is required to consult a VE regarding the effect of those limitations on the availability of work. *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998).

This matter should be remanded for the purpose of addressing Plaintiff's nonexertioanl limitations and if needed, the testimony of a VE regarding the effect of those limitations have on the availability of work.

Also on remand, the ALJ should evaluate Plaintiff's obesity impairment using the correct Social Security Ruling ("SSR"). According the ALJ's decision, he evaluated Plaintiff's obesity impairment pursuant to SSR 00-3p. This ruling was superseded by SSR 02-1p and any evaluation of Plaintiff's obesity impairment should be done by pursuant to the correct SSR.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

52 and 58.

**ENTERED** this **18th day of March, 2009.**

                                                  /s/   Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE